■ HARTFORD INSURANCE COMPANY, Appellant-Respondent, v W. LEE MOORE et al., Defendants, and ROBERT V. DIEFENBACH et al., Respondents-Appellants.—In a declaratory judgment action to determine the rights of the parties under a farmer's comprehensive personal liability policy, (1) the plaintiff insurance company appeals from an order of the Supreme Court, Orange County, entered November 21, 1978, which denied its motion for summary judgment, and (2) defendants Diefenbach and Bagnall separately cross-appeal from so much of the same order as failed to grant summary judgment in their favor. Order reversed, on the law, with one bill of $50 costs and disbursements payable jointly by respondents-appellants, plaintiff's motion for summary judgment is granted and it is declared that there is no coverage pursuant to the terms of the subject insurance policy with respect to the damages sustained by defendant Bagnall arising from an accident occurring on September 21, 1974 on East Ridge Road in the Town of Warwick. Cross appeals of defendants Diefenbach and Bagnall dismissed, without costs or disbursements, as academic. Plaintiff, Hartford Insurance Company, issued a farmer's comprehensive personal liability insurance policy to defendants Moore and Daharjon, Inc. (the farm). On September 21, 1974 defendant Diefenbach, a farm employee, was operating an International Scout jeep which was owned by the farm and registered as a farm vehicle. While operating the jeep on a public road, Diefenbach struck defendant Bagnall who was riding a horse. Bagnall commenced an action against the farm and Diefenbach, and the plaintiff disclaimed coverage. Plaintiff commenced this declaratory judgment action to declare the rights of the parties. Plaintiff relies on the following policy provision: "This Coverage L—Personal Liability does not apply: * * * (c) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use,

loading or unloading of: * * * (2) any *motor vehicle* owned or operated by, or rented or loaned to any *insured;* but this subdivision (2) does not apply to *bodily injury* or *property damage* occurring on the *insured premises* if the *motor vehicle* is not subject to motor vehicle registration because it is used exclusively on the *insured premises* * * * This exclusion does not apply to *bodily injury* to any *residence employee* or *insured farm employee* arising out of and in the course of his employment by any *insured* except while such employee is engaged in the operation or maintenance of aircraft''. The above clause excludes coverage for damages arising from the use of a motor vehicle unless: (1) the damages occur on the insured premises *and* (2) the motor vehicle is not subject to general motor vehicle registration because it is used for farm use only. The instant record indicates that the jeep was registered solely as a farm vehicle and thus conforms with the latter policy requirement. However, it is plain that the damages were not sustained on the insured farm premises and, therefore, pursuant to the unambiguous policy provisions, there is no coverage. The wholly unsupported allegation made on appeal, that the accident occurred on a public thoroughfare which may be an interconnecting road vis-à-vis the insured premises, is both dehors the record and contrary to the unequivocal fact that the accident occurred approximately 2½ miles from the insured farm premises. The policy clause which provides that the above exclusion does not apply to injuries sustained by a farm employee is wholly inapplicable since Bagnall was neither an employee of the farm, nor injured in the course of his employment by the insured. The disclaimer and instant action relate only to Bagnall's claim. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.